Judge Ewing
delivered the Opinion of the Court.
An attachment was issued in favor of Mary Poage, against George Poage, on a charge, that the latter “was removing out of the county privately;” and the only question involved is, is this allegation sufficient to sustain the attachment? a motion having been made in the Circuit Court to quash it. We think it is not. The proceeding by attachment is an extraordinary remedy, and seems not to have been intended by the Legislature, to be resorted to except in cases where the ordinary process of law could not be served. Plence it is authorized only upon a suggestion, that the debtor “is removing out of the county privately, or absconds and conceals himself, so that the ordinary process of law cannot be served on him.” The inability of the creditor to use the ordinary process, is the foundation upon which rests his right to use the attachment, either when the debtor “ is privately removing,” or when “/te absconds and conceals himself;” and he has no right to his attachment, in either case, without the statement that the ordinary process of law cannot be served. It may be true, that he is privately removing, and yet accessible to ordinary process; if so, the attachment will not lie. Hence the necessity of the additional averment, “that the ordinary process of law cannot be served upon him.”
It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be affirmed.